IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JOE M. AGUILAR**,

                    Plaintiff,

    v.

**SAFEWAY STORES INCORPORATED**,

                    Defendant.

**Case No. 6:18-cv-1786-MC**

**OPINION AND ORDER**

**MCSHANE, Judge:**

Plaintiff Joe Aguilar alleges that Defendant Safeway Stores Incorporated misrepresented discounts and rewards and unjustly enriched itself through its Safeway Club program.[1] Pl.'s Second Am. Compl. ("SAC") 5, ECF No. 24. Safeway Stores moves to dismiss the claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6), alleging lack of subject matter jurisdiction or, in the alternative, failure to state a claim. Def.'s Mot. 1, ECF No. 25. Plaintiff has failed to timely respond. Because this Court lacks subject matter jurisdiction over Plaintiff's claims, Defendant's Motion to Dismiss, ECF No. 25, is GRANTED.

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiffs' allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

## STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the subject matter jurisdiction of a federal court. Federal courts have jurisdiction over two primary categories of cases: (1) those based on federal law (federal question jurisdiction); and (2) those involving citizens of different states where more than $75,000 is at issue (diversity jurisdiction). *See* 28 U.S.C. §§ 1331–32. A court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

This Court does not have subject matter jurisdiction over Plaintiff's claim. Plaintiff asserts diversity jurisdiction but has failed to identify an amount in controversy exceeding $75,000 as required by 28 U.S.C. § 1332(a). *See* SAC 3. Plaintiff alleges less than $20 in actual damages or $200 in statutory damages pursuant to ORS 646.638. SAC 5–6.

Plaintiff also seeks an order allowing the case to proceed as a class action. In order to establish diversity of citizenship in a class action lawsuit, however, the putative class size must exceed 100 persons and the aggregate amount in controversy must exceed $5,000,000. 28 U.S.C. § 1332(d)(2) and (d)(5)(B). Plaintiff fails to establish either. Moreover, a *pro se* litigant may not litigate a class action. *Anderson v. Brown*, 668 Fed. Appx. 221, 222 (9th Cir. 2016) ("It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities.") (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)); *see also Martinez v. Peters*, 2013 WL 5536948, *1 (D. Or. Mar. 22, 2013) (holding that Plaintiff could appear on his own behalf but

could not appear on behalf of others in a class action) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)).

Because this Court lacks subject matter jurisdiction over Plaintiff's claims, this Court does not reach Defendant's arguments under Fed. R. Civ. P. 12(b)(6).

## **<u>CONCLUSION</u>**

Safeway's Motion to Dismiss, ECF No. 25, is GRANTED. The dismissal is with prejudice.

IT IS SO ORDERED.

DATED this 25th day of October, 2019.

       s/Michael J. McShane
       **Michael J. McShane**
      **United States District Judge**